In the Matter of UNITED STATES TRUST COMPANY OF NEW YORK, as Executor of CORNELIUS VANDERBILT, Deceased, et al., Appellants, against THOMAS M. LYNCH et al., Constituting the State Tax Commission, Respondents.

(Argued February 25, 1935; decided April 16, 1935.)

*Roy C. Gasser, George S. Mittendorf, Russell L. Bradford* and *William H. Hayes* for appellants.

*John J. Bennett, Jr., Attorney-General (Joseph M. Mesnig* of counsel), for respondents.

LOUGHRAN, J. The question is whether an income tax upon an increase of the value of property has been validly assessed.

Cornelius Vanderbilt died in 1899 seized of a residence in the city of New York. By his will he devised this property to his wife, Alice G. Vanderbilt, during her life, with remainders as follows: To his son Alfred G. Vanderbilt or to his son Reginald C. Vanderbilt as his wife should appoint; in default of such appointment, to the elder of them surviving her; in the event neither named son should so survive, then to the testator's eldest daughter living at the death of his wife. " If neither of my said sons or daughters shall be then living, I direct that the said property so devised to my wife for life shall be sold by my executors, or the survivors or survivor of them and the proceeds thereof divided among the then living children of my daughter Gertrude, my son Alfred G., my son Reginald C. and my daughter Gladys Moore, and in default of such grandchildren, the said property shall become and be part of my residuary estate."

The residuary estate was held by the executors upon certain trusts. In 1912 those trusts fell in. The testator's son Alfred G. Vanderbilt died in 1915, his son Reginald C. Vanderbilt in 1925.

Upon the application of Alice G. Vanderbilt, the life tenant, the residence was sold in 1927 by order of the Supreme Court. The order was made as in a case " where real property has heretofore been * * * devised by will * * * to a person for life, either with remainder or remainders over, to persons the identity of whom cannot be definitely ascertained until the death of the person entitled to the life estate, or with a direction that the property be sold on the termination of the life estate, and

the proceeds paid or distributed to persons the identity of whom cannot be definitely ascertained until that event, * * * [and] it appears to the satisfaction of the court that * * * such circumstances or conditions have arisen subsequent to the devise * * * that it is for the best interest of the life tenant and of the remaindermen and of all persons, if any, interested or to become interested in the proceeds of any sale of said real property, that a sale * * * should be had " (Real Property Law, § 67; Cons. Laws, ch. 50). The final order made in that proceeding directed that the proceeds of the sale of the property be deposited with and invested by The National City Bank of New York, as trustee; and that, after payment of the net income to Alice G. Vanderbilt during her life, the principal be paid over to and among the remaindermen or other persons then entitled thereto, upon an accounting (Real Property Law, §§ 69, 71.)

The difference between the sum so directed to be held and distributed and the value of the property as of January 1, 1919, was $2,790,254.47. Upon that amount the State Tax Commission, under article 16 of the Tax Law (Cons. Laws, ch. 60), has assessed an income tax for the calendar year 1927 of $83,062.63 against " Est. Cornelius Vanderbilt, Alice G. Vanderbilt Execx., and The National City Bank of New York, Trustee and Custodian proceeds of sale of real property." At the date of this assessment, April 6, 1931, Alice G. Vanderbilt was the sole survivor of the executors named by the will of Cornelius Vanderbilt. Her successor as executor and The National City Bank of New York, individually and as trustee, appeal from an order confirming, on certiorari, the determination of the State Tax Commission. If the tax is collectible, the amount is not questioned.

Income taxable under article 16 of the Tax Law " includes gains, profits and income derived from * * * sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such

property; * * * or gains or profits and income derived from any source whatever, including gains or profits or income derived through estates or trusts by the beneficiaries thereof, whether as distributed or as distributable shares." (§ 359, subd. 1.) For the purposes of this opinion, we assume that a fixed gain from a sale of real property was determinable in 1927, and that this gain was in part then derived by Alice G. Vanderbilt, as life tenant, through her participation by way of income on an increment which (less the value of her participation) was also realized for presumptive remaindermen. Without so deciding, we likewise assume that the sale as made under judicial supervision is not here to be discriminated from a private sale, and that the deposit of the resulting fund was designed as a substitute for security otherwise to have been exacted from the life tenant to assure ultimate distribution in accordance with the will of Cornelius Vanderbilt. The appellants deny any interest of his executors in his residence property after termination in 1912 of the trusts set up by the residuary clause of his will. We suppose, on the contrary, a remote contingency in which the invested fund produced by the sale would be administered under that clause. With all this granted, may this tax be sustained in the form in which it has been imposed? We are constrained to answer in the negative.

The respondents formulate their position as follows: " The conceded gain arising from the sale of the property in 1927 accrued to the estate of Cornelius Vanderbilt and grew ' out of the ownership or use of or interest in such property.' * * * Against the estate of Cornelius Vanderbilt, with particular reference to this portion carved out of the estate, the Tax Commission made its assessment of income tax and thereto it appended the descriptive designation of Alice G. Vanderbilt as Executrix and The National City Bank of New York as Trustee and Custodian of the proceeds of sale. * * * Through the operation of circumstances, the particular heir to whom

the property or the proceeds realized from the sale thereof will descend, will take the same, increased in the amount of $2,790,254.47, the amount of the gain realized in 1927. What conceivable reasonable objection can that particular heir offer against the diminution of the amount received by $83,062.63, the amount of the tax here involved? "

In our opinion, this position is without warrant in the Tax Law. The statute makes no such distinction between the " estate " of a decedent and his personal representative. An " estate " is not a separately existing legal person. The tax upon income received by an estate (Tax Law, § 365, subd. 1-a) is paid by a " fiduciary," that is to say, by an executor (Id. § 350, subd. 5; § 365, subd. 3.) The increment here taxed was not received or realized in 1927 by an executor of Cornelius Vanderbilt. The disposition made of that increment thereafter is not now material, but the fact is that, in accordance with the will of Cornelius Vanderbilt, it passed to his daughter Gertrude at the death of her mother, the life beneficiary, in 1934. In short, there was no income of any estate of Cornelius Vanderbilt upon which this tax may be validly assessed against his executrix.

The appellant, The National City Bank of New York, was made a party to the assessment only in its character as depositary of income claimed to have been realized by others before its deposit with that appellant by the court.

The tax has not been assessed against any other person named in this record.

It follows that the order should be reversed and the determination of the State Tax Commission annulled without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Order reversed, etc.